UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JACOB WEINREB                                               :
                                                            :     Case No.:
                                 Plaintiff,                 :
                                                            :     COMPLAINT
       -   against   -                                      :
                                                            :
RADIUS GLOBAL SOLUTIONS, LLC                                :
                                                            :
                                                            :
                                 Defendant.                 :
------------------------------------------------------------ X

JACOB WEINREB (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against RADIUS GLOBAL SOLUTIONS, LLC (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant is a Minnesota entity with a principal place of business operating out of 500 North Franklin Turnpike Ste 200, Ramsey, NJ 07446, but regularly sends out collection letter to persons within this courts jurisdiction.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. In 2007, the original creditor filed suit against the Plaintiff for the principal amount of $20,135.19 in case number CV-016986-07/KI, and thereafter obtained a judgment on August 6, 2007 on the subject account. See Judgment attached hereto as Exhibit 1.

13. However, on September 18, 2017 the Defendant was able to vacate the judgment and dismiss the case. See Order attached hereto as Exhibit 2.

14. Thereafter, on March 19, 2019 Radius Global Solutions LLC sent a letter to plaintiff on the subject account, with the letter containing the same exact account number and the balance of $20,135.19, and stated that the original creditor "has a judgment against you" and attempted to use the judgment as leverage to enter a settlement agreement. See Letter attached hereto as Exhibit 3.

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Despite the Order of Dismissal, the Letter demanded payment of $20.135.19.

17. Despite the Order of Dismissal, the Letter encouraged the Plaintiff to settle the account so that they could file a satisfaction of judgment, even though there was no judgment and no legal document obligating Plaintiff to pay said debt.

18. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

19. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

20. Defendant's attempt to collect the non-existent judgment by characterizing the debt as a judgment account is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

21. Defendant's attempt to collect the non-existent judgment for the full balance is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

22. Defendant's attempt to collect the non-existent judgment by characterizing the debt as a judgment account is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

23. Defendants' attempt to collect the non-existent judgment by characterizing the debt as a judgment account when it was really a dismissed case far past the applicable statute of limitations is a false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10).

24. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## JURY DEMAND

25. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

    d. Such other relief that the Court determines is just and proper.

Dated: April 12, 2018

Brooklyn, New York

                                                 /s/ Joseph Balisok
                                                 Joseph Balisok, Esq.
                                                 251 Troy Ave
                                                 Brooklyn, NY 11213
                                                 Office (718) 928-9607
                                                 Fax (718) 534-9747
                                                 Joseph@LawBalisok.com
                                                 Isaac@LawBalisok.com
                                                 Attorney for Defendant